**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BENEKIVA, LLC,<br><br>Plaintiff,<br>,<br><br>v.<br><br>AMERICAN PUBLIC LIFE INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 1:26-cv-00845-GBW |

**DEFENDANT AMERICAN PUBLIC LIFE INSURANCE COMPANY'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant American Public Life Insurance Company ("APL"), by counsel and through its undersigned counsel, hereby answers the Complaint filed by Plaintiff Benekiva, LLC ("Benekiva") (D.I. 1) as follows. APL uses the Complaint's headings solely for clarity and does not adopt them.

## NATURE OF THIS ACTION

1. APL admits that Benekiva purports to assert a claim for breach of contract arising from the parties' contractual relationship. APL further admits that, in 2025, the parties entered into the written agreement referenced in this paragraph. APL denies any characterization of the Agreement's terms or the parties' rights and obligations that are inconsistent with the Agreement. APL denies the remaining allegations.

2. APL admits that it made payments to Benekiva totaling $356,438 and that, through counsel, it sent Benekiva the February 16, 2026 correspondence referenced in this paragraph (the "Correspondence"). APL denies any characterization of Correspondence, the Agreement, and the pleadings in the Iowa litigation that are inconsistent with their terms and denies the remaining allegations.

3. Denied.

4. Denied.

5. Denied.

6. APL admits that Benekiva sent correspondence containing statements concerning Benekiva's operations, capabilities, customers, and financial support. APL denies any characterization of its conduct or the legal effect of the correspondence and denies the remaining allegations.

7. APL admits that Benekiva sent correspondence concerning the warranty provision of the Agreement. APL denies any characterization of its conduct or the legal effect of the correspondence and denies the remaining allegations.

8. Denied.

9. Denied.

10. Denied.

**PARTIES**

11. APL lacks knowledge or information sufficient to admit or deny the allegations concerning Benekiva's organization, principal place of business, members, or the citizenship of its members, which operates as a denial pursuant to Fed. R. Civ. P. 8(b)(5).

12. APL admits that it is a corporation organized under the laws of Oklahoma and maintains its principal place of business in Oklahoma.

**JURISDICTION AND VENUE**

13. APL does not presently contest that this Court has subject-matter jurisdiction under 28 U.S.C. § 1332. APL denies any remaining allegations to the extent a response is required.

14. Admitted.

15. APL does not contest venue in this Court. APL denies any remaining allegations to the extent a response is required.

**FACTUAL ALLEGATIONS**

16. Admitted upon information and belief.

17. APL admits that, on or about April 30, 2025, APL and Benekiva entered into the Master SaaS and Services Agreement referenced in this paragraph and referred to herein as the "Agreement." APL denies any characterization of its terms inconsistent with the Agreement.

18. APL admits that the parties executed Order Form Number 1 on or about April 30, 2025. The Order Form and Agreement speak for themselves, and APL denies any characterization of their terms inconsistent with those documents.

19. APL admits that performance under the Agreement commenced and that APL paid Benekiva $356,438. APL otherwise denies the remaining allegations in this paragraph.

20. APL admits that, through counsel, it sent Benekiva the February 16, 2026 correspondence referenced in this paragraph and that the Correspondence contains the quoted language.

21. APL admits that its February 16, 2026 correspondence referenced Section 16(a)(iv) of the Agreement and the Iowa litigation described in this paragraph. APL denies any characterization of the Agreement, the Correspondence, and the pleadings in the Iowa litigation that is inconsistent with their terms and denies the remaining allegations.

22. APL admits that its February 16, 2026 correspondence contains the quoted language.

23. APL admits that the February 16, 2026 letter contained no request that Benekiva provide reasonable assurance of continued performance and denies any implication that it was required to request reasonable assurance of continued performance. APL admits that its February

16, 2026 correspondence contains the quoted language. The Correspondence speaks for itself. APL denies any remaining allegations.

24. APL denies the allegations in this paragraph.

25. APL admits that Benekiva sent an email dated February 18, 2026 containing the statements quoted in subparagraphs (a) through (e). APL denies the remaining allegations.

26. APL admits that Benekiva sent correspondence dated February 18, February 26, March 5, and March 12, 2026. APL denies any remaining allegations to the extent they characterize APL's conduct or assert liability.

27. APL admits that counsel for Benekiva sent counsel for APL a letter dated February 20, 2026. APL denies any characterization of the letter, Agreement, and Iowa litigation materials that is inconsistent with their terms.

28. APL denies the allegations in this paragraph to the extent they characterize APL's conduct or assert liability. APL further denies any allegation or implication that it was contractually or otherwise required to make requests, inquiries, or take the other actions alleged in this paragraph.

29. Denied.

30. Denied, including subparagraphs (1) through (5).

31. APL denies this allegations in this paragraph.

32. APL denies the allegations in this paragraph.

33. APL denies the allegations in this paragraph.

34. Denied.

35. Denied

36. APL denies the allegations in this paragraph.

## COUNT I
## REPUDIATION OF CONTRACT

37. APL incorporates its responses to Paragraphs 1 through 36 as if fully stated here.

38. APL admits that the Agreement is a contract between APL and Benekiva. This paragraph states legal conclusions to which no response is required. To the extent a response is required, paragraph 38 is denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied. APL further denies any allegation or implication that it was contractually or otherwise required to request assurances before terminating the Agreement.

43. Denied.

44. Denied.

45. Denied.

## PRAYER FOR RELIEF

APL denies that Benekiva is entitled to the relief requested in the Complaint and this unnumbered paragraph, including damages, prejudgment or post-judgment interest, or attorneys' fees or costs. To the extent any allegation in the Complaint has not been expressly admitted, APL denies it.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

Without assuming any burden as to any fact, issue, or element of a claim that otherwise belongs to Benekiva, and subject to further investigation and discovery, APL asserts the following additional and affirmative defenses:

**FIRST DEFENSE**

Benekiva's claims are barred in whole or in part because APL acted consistently with its rights under the Agreement and did not breach any contractual obligation owed to Benekiva.

**SECOND DEFENSE**

Benekiva's claims and any recovery are subject to and limited by all applicable terms, conditions, limitations, exclusions, disclaimers, remedies, and other provisions of the Agreement and Order Form, including Section 18 and any applicable limitation of liability.

**THIRD DEFENSE**

Benekiva is not entitled to avoid any contractual limitation of liability, and APL denies that it engaged in gross negligence or more culpable conduct or that any alleged conduct renders a contractual limitation inapplicable.

**FOURTH DEFENSE**

Benekiva's claims are barred or limited to the extent Benekiva failed to satisfy its own obligations, representations, warranties, conditions, or other requirements under the Agreement.

**FIFTH DEFENSE**

Benekiva's recovery, if any, is barred or limited to the extent the damages it seeks were not caused by APL, were not reasonably foreseeable, are speculative, are otherwise unrecoverable under the Agreement or applicable law, or are subject to contractual limitations or exclusions.

**SIXTH DEFENSE**

Benekiva's recovery, if any, is barred or limited to the extent Benekiva failed reasonably to mitigate its claimed damages or avoided costs or losses as a result of the termination of the parties' relationship.

**SEVENTH DEFENSE**

Any recovery must be reduced by amounts already paid by APL and by any other amounts for which APL is entitled to a credit, offset, recoupment, or reduction under the Agreement or applicable law.

**EIGHTH DEFENSE**

Benekiva is not entitled to recover attorneys' fees, costs, interest, consequential damages, lost profits, lost-volume damages, or other relief except as expressly authorized by the Agreement and applicable law and established by Benekiva.

**NINTH DEFENSE**

Benekiva's claims and requested relief is barred or otherwise limited by waiver, estoppel, ratification, and acquiescence.

**RESERVATION OF RIGHTS**

APL reserves the right to amend its Answer and defenses as permitted by the Federal Rules of Civil Procedure and the Court's orders. APL has not knowingly or intentionally waived any applicable defenses and reserves the right to supplement these defenses to assert and rely upon any other defenses that may become available or apparent through discovery or that are not required to be asserted at this time.

Dated: September 14, 2026

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Paul D. Brown*
Paul D. Brown (#3903)
Kelly E. Rowe (#6199)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
(302) 295-0191
brown@chipmanbrown.com
rowe@chipmanbrown.com

*Attorneys for Defendant*

OF COUNSEL:

Tom Julian Butler
Park Wynn
**MAYNARD NEXSEN PC**
1901 Sixth Ave N, Suite 1700
Birmingham, AL 35203
(205) 254-1000
tbutler@maynardnexsen.com
pwynn@maynardnexsen.com

4912-9741-7167